# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVEN TROY, individually and on behalf of a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )  Case No. 07 C 4331 ) |
| HOME RUN INN, INC., and Does 1 – 10, | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On January 11, 2007, Steven Troy visited a Home Run Inn Pizza Corp. restaurant. Home Run Inn gave Troy a receipt printed with his credit card's expiration date. Troy filed a putative class action against Home Run Inn alleging that it violated the Fair and Accurate Credit Transactions Act (FACTA), an amendment to the Fair Credit Reporting Act (FCRA). FACTA prohibits businesses from printing more than the last five digits of a credit card number or the card's expiration date on a cardholder's receipt. 15 U.S.C. § 1681c(g). Home Run Inn has moved to dismiss Troy's complaint for failure to state a claim. For the reasons set forth below, the Court denies Home Run Inn's motion.

## Discussion

When considering a motion to dismiss, a court accepts as true the complaint's factual allegations and draws reasonable inferences in favor of the plaintiff. *See, e.g., Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 617 (7th Cir. 2007). Home

Run Inn first argues that dismissal is appropriate because FACTA does not authorize a private right of action. The provision of FCRA that establishes a private right of action for willful violations states that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of . . . any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A). Under FACTA, which is part of FCRA, "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." Id. § 1681c(g). Home Run Inn argues that because section 1681c(g) protects "cardholders," while section 1681n(a) provides a private right of action only for "consumers," no private right of action exists for FACTA violations.

Home Run Inn's second argument is that Troy has failed to plead sufficient facts to state a claim for a willful violation of section 1681c(g), which section 1681n requires as a prerequisite to recovery of damages. Home Run Inn cites *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007), for the proposition that Troy's complaint does not include enough facts to state a plausible claim. Home Run Inn also contends that section 1681c(g) is so vague and open to multiple interpretations that Home Run Inn cannot be held liable for a willful violation. Home Run Inn further contends that any misinterpretation of the law was no more than careless and that Troy has not sufficiently alleged that it acted with knowing or reckless disregard of the law as required to show a willful violation of section 1681c(g). Home Run Inn argues that to claim willfulness,

Troy's allegations must be based on more than "information and belief" and that Troy's allegations of willfulness are speculative and thus insufficient.

Finally, Home Run Inn argues that its actions did not cause Troy to suffer any actual harm and thus an award of statutory damages would violate due process and established principles of tort law.

The Court rejects Home Run Inn's arguments. First, the Court agrees with Troy that a private right of action exists for violations of section 1681c(g), consistent with the decisions of every district court to address the issue. See, e.g., *Arcilla v. Adidas Promotional Retail Operations, Inc.*, 488 F. Supp. 2d 965, 969 n.1 (C.D. Cal. 2007) (citing district court cases that have addressed this issue). This same issue was recently addressed in *Follman v. Village Squire, Inc.*, No. 07 C 3767, 2007 WL 4522614 (N.D. Ill. Dec. 18, 2007), in which Judge Virginia Kendall rejected the defendant's argument that no private right of action exists for willful violations of section 1681c(g). *Id.*, at *2. The Court agrees with the reasoning in *Village Squire*. FCRA unambiguously states that if a person willfully fails to comply with the statute, he is liable to the consumer. 15 U.S.C. § 1681n(a). It is beyond question that Troy is a consumer with respect to his transaction with Home Run Inn. Though section 1681c(g) protects "cardholders" and does not use the term "consumer," that does not make an individual credit card holder like Troy any less a consumer within the meaning of section 1681n(a), nor does it suggest that Congress intended to impose in section 1681c(g) a prohibition that cardholders who are also consumers cannot enforce via a private suit. Because Troy alleges that Home Run Inn willfully failed to comply with section 1681c(g) with respect to Troy, a consumer, he can assert a claim under section 1681n(a).

Troy's complaint is also sufficient to state a claim for a willful violation of section 1681c(g). Both reckless and knowing violations suffice to establish willfulness under FCRA. *Safeco Ins. Co. of Amer. v. Burr*, 127 S. Ct. 2201, 2208-09 (2007). Home Run Inn argues that Troy's allegation of willfulness does not meet the pleading requirements established in *Bell Atlantic*. The Supreme Court held in *Bell Atlantic* that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S. Ct. at 1969. The Court stated, however, that it did not intend to "require heightened fact pleading of specifics." *Id.* Three judges in this district have, after *Bell Atlantic*, found allegations similar to those in this case sufficient to state a claim for a willful violation of Section 1681c(g). *See Village Squire*, 2007 WL 4522614, at *3; *Follman v. Hospitality Plus of Carpentersville, Inc.*, 532 F. Supp. 2d 960, 963 (N.D. Ill. 2007); *Iosello v. Leiblys, Inc.*, 502 F. Supp. 2d 782, 784-85 (N.D. Ill. 2007).

In his complaint, Troy alleges that Home Run Inn had three years to comply with FACTA's requirements after the statute was enacted; credit card issuers like VISA, MasterCard, Discover, and American Express informed Home Run Inn about FACTA's requirements and required compliance via contract; the statute's requirements were widely publicized among retailers; and most of Home Run Inn's business peers and competitors brought their credit card receipts into compliance with FACTA. Troy's complaint alleges that notwithstanding all of this, Home Run Inn failed to comply with section 1681c(g). Accepting these allegations as true, as the Court must at this stage of the proceedings, the Court cannot say that Troy has failed to assert a claim of willfulness that is plausible on its face. *See Iosello*, 502 F. Supp. 2d at 785.

Home Run Inn's argument that section 1681c(g) is so vague that a willful

4

violation is impossible is unpersuasive.  Home Run Inn contends that the statutory prohibition against printing the last five digits of the credit card or the expiration date can be interpreted in the following ways: 1) no person shall print: a) more than the last five digits of the card number on the receipt; or b) the expiration date on the receipt; 2) no person shall print: a) more than the last five digits of the card number on the receipt; and b) more than the last five numbers of the expiration date on the receipt; and 3) no person shall print: a) more than the last five digits of the card number on the receipt; and b) the expiration date on the receipt.

     Home Run Inn relies on *Safeco* for its holding that a careless reading of a statute cannot constitute a willful violation of the law.  *Safeco*, 127 S. Ct. at 2215.  Several courts in this district have held, however, that unlike the statutory provision at issue in *Safeco*, the text of section 1681c(g) is unambiguous.  *See Village Squire*, 2007 WL 4522614, at *3; *Hospitality Plus*, 532 F. Supp. 2d at 964; *Iosello*, 502 F. Supp. 2d at 785-86.  Indeed, the court in *Hospitality Plus* rejected the same argument that Home Run Inn has presented here.  *Id.*  This Court agrees.  Section 1681c(g) unambiguously prohibits a person from printing more than the last five digits of a credit card on a receipt and from printing the expiration date on a receipt.  In other words, if a person prints either the expiration date or more than the last five digits of the card number, he violates section 1681c(g).

     Home Run Inn next argues that an award of statutory damages in the absence of actual injury violates due process and established principles of tort law.  This argument is likewise unpersuasive.  Judge Kendall rejected the same argument in *Village Squire*.  As in that case, Home Run Inn argues that an award of statutory damages to over 100

class members could create a ratio of statutory to actual damages that Home Run Inn characterizes as outlandish. Even assuming this might be an appropriate basis to ignore Congress' determination regarding an appropriate award in a situation in which actual losses are likely hard to quantify, the best time to apply any claimed constitutional limitation on damages is after a class is certified, *see Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 853 (7th Cir. 2006), not at the motion to dismiss stage.

Home Run Inn cites *Doe v. Chao*, 540 U.S. 614 (2004), for its argument that established tort law principles require Troy to "show proof of some harm for which damages can reasonably be assessed." *Id.* at 621. But as Judge Kendall pointed out in *Village Squire*, the Court in *Doe*, which was considering statutory damages under the Privacy Act, required a showing of actual damages only because the statute called for it. *Village Squire*, 2007 WL 4522614, at *4-5. Section 1681n(a)(1)(A), by contrast, clearly permits a plaintiff to seek either actual or statutory damages.

Finally, Home Run Inn mistakenly contends that Troy must allege actual injury to establish a willful violation of section 1681c(g). The plain language of the applicable provisions of FCRA undermines this argument. Section 1681o, the section of FCRA that allows a plaintiff to sue for negligent violations of the statute, provides relief only if the plaintiff can show actual damages. By contrast, section 1681n(a)(1)(A), the provision that permits an action for willful violations of FCRA, expressly permits both actual and statutory damages. Thus, the plain language of the statute makes it clear that actual damages are not a prerequisite to recovery of statutory damages. *Accord, Ramirez v. Midwest Airlines, Inc.*, No. 07-2173-JWL, 2008 WL 682438, at *6-7 (D. Kan. Mar. 12, 2008). *Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603 (7th

6

Cir. 2005), which Home Run Inn cites for the proposition that a plaintiff must allege actual injury to recover under section 1681n, is inapposite; that case involved a claim of violation of a provision of FCRA that has been interpreted to require proof of actual harm. *See Murray v. Sunrise Chevrolet, Inc.*, 441 F. Supp. 2d 940, 949 (N.D. Ill. 2006). Section 1681n(a)(1)(A) does not require actual injury as a precondition of suit. *Killingsworth*, 507 F.3d at 622.

## Conclusion

The Court denies Home Run Inn's motion to dismiss for the reasons stated above [docket no. 27]. The Court directs Home Run Inn to answer the complaint by no later than April 28, 2008. The Court sets the case for a status hearing on May 5, 2008 at 9:30 a.m. Counsel should be prepared at that time to set schedules for briefing Troy's motion for class certification and for completing discovery, and to discuss the possibility of settlement.

Date: April 14, 2008

                                                  _____
                                                                     MATTHEW F. KENNELLY
                                                                     United States District Judge